Page 2

**MOTION UNDER 28 U.S.C. § 2255 TO VACATE, SET ASIDE, OR CORRECT SENTENCE BY A PERSON IN FEDERAL CUSTODY**

| United States District Court **Northern** | District | **Of Ohio Eastern Division** |
|---|---|---|
| Name (under which you were convicted): **Lorenzo M. Keith** | | Docket or Case No.: **1:08CR360** |
| Place of Confinement: **FCI-McKean** | | Prisoner No.: **31922-160** |

| UNITED STATES OF AMERICA **SEE COVER SHEET FOR CAPTION** | Movant (include name under which you were convicted) **SEE COVER SHEET FOR CAPTION** |
|---|---|
| v. | |

**MOTION**
**TO VACATE SENTENCE, STATUTORY REMEDY OF HABEAS CORPUS**

1. (a) Name and location of court that entered the judgment of conviction you are challenging:
   **U.S. District Court for the Northern District of Ohio, Eastern Division**
   **801 West Superior Avenue, Cleveland, OH 44113-1830**


   (b) Criminal docket or case number (if you know): **1:08CR360**

2. (a) Date of the judgment of conviction (if you know): **01/14/2010**


   (b) Date of sentencing: **08/18/2010**

3. Length of sentence: **135 months custody; 3 years supervised release**

4. Nature of crime (all counts): **Count #1. Possession with the intent to distribute 126.3 grams of cocaine, 21 U.S.C.§ 841(a)(1) and (b)(1)(C); Count #2. Possession of firearm and ammunition, 18 U.S.C. §§ 922(g)(1) and 924(a)(2); Count #3. knowingly and intentionally distribute approximately 60.2 grams of cocaine, 21 U.S.C. § 841(a)(1) and (b)(1)(C); Count #4. knowingly and intentionally distribute 55.7 grams of cocaine, 21 U.S.C. § 841(a)(1) and (b)(1)(C); Count #5. Possession of a firearm and ammunition, 18 U.S.C. §§ 922(g)(1), 924(a)(2).**


5. (a) What was your plea? (Check one)

   (1) Not guilty ❑     (2) Guilty ☒     (3) Nolo contendere (no contest) ❑

   (b) If you entered a guilty plea to one count or indictment, and a not guilty plea to another count or indictment, what did you plead guilty to and what did you plead not guilty to?




6. If you went to trial, what kind of trial did you have? (Check one)     Jury ❑     Judge only ❑

7. Did you testify at a pretrial hearing, trial, or post-trial hearing?   Yes ☐   No ☒

8. Did you appeal from the judgment of conviction?   Yes ☒   No ☐

9. If you did appeal, answer the following:

   (a) Name of court: **U.S. Court of Appeals for the Sixth Circuit**

   (b) Docket or case number (if you know):   **10-4097**

   (c) Result: **Affirmed my motion to suppress the evidence**

   (d) Date of result (if you know): **11/09/2011**

   (e) Citation to the case (if you know):

   (f) Grounds raised: **I. Whether the trial court erred in denying Mr. Keith's Motion to suppress where the government's traffic stop of Mr. Keith was undertaken without the benefit of probable cause, reasonable suspicion or with he benefit of a warrant; II. Whether the trial court erred in failing to suppress the fruits of the pat-down search of Mr. Keith's person where the alleged "cut" seized from Mr. Keith was not immediately apparent as a weapon or contraband; III. Whether the district court erred in denying Mr. Keith's motion to suppress from one who lacked the actual and apparent authority to consent to the search of Mr. Keith's jacket and the adjacent dresser and area underneath Mr. Keith's bed.**

   (g) Did you file a petition for certiorari in the United States Supreme Court?   Yes ☐   No ☒

      If "Yes," answer the following:

      (1) Docket or case number (if you know):

      (2) Result:

      (3) Date of result (if you know):

      (4) Citation to the case (if you know):

      (5) Grounds raised:

10. Other than the direct appeals listed above, have you previously filed any other motions, petitions, or applications concerning this judgment of conviction in any court?

    Yes ☐   No ☒

11. If your answer to Question 10 was "Yes," give the following information:

   (a) (1) Name of court:

      (2) Docket or case number (if you know):

      (3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❏  No ❏

(7) Result:

(8) Date of result (if you know):

(b) If you filed any second motion, petition, or application, give the same information:

(1) Name of court:

(2) Docket or case number (if you know):

(3) Date of filing (if you know):

(4) Nature of the proceeding:

(5) Grounds raised:

(6) Did you receive a hearing where evidence was given on your motion, petition, or application?     Yes ❏  No ❏

(7) Result:

(8) Date of result (if you know):

(c) Did you appeal to a federal appellate court having jurisdiction over the action taken on your motion, petition, or application?

(1) First petition:     Yes ❏   No ❏

(2) Second petition:     Yes ❏   No ❏

(d) If you did not appeal from the action on any motion, petition, or application, explain briefly why you did not:

12. For this motion, state every ground on which you claim that you are being held in violation of the Constitution, laws, or treaties of the United States. Attach additional pages if you have more than four grounds. State the <u>facts</u> supporting each ground.

GROUND ONE: INEFFECTIVE ASSISTANCE OF COUNSEL PRIOR TO ADVISING ME TO ENTER A GUILTY PLEA, DUE TO HIS FAILURE TO CHALLENGE THE PRE-INDICTMENT DELAY IN THE LOWER COURT AND ON DIRECT REVIEW.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

Leif B. Christman, represented me during my pre plea stages in my case. I submitted my pro-se reply to the Government's response to my <u>Motion To Suppress The Evidence</u> in the case. Within my <u>Supplemental</u> 'reply' to the Government, I brought up the claim that the Government only submitted the Superseding Indictment as a tactical advantage, which Attorney Christman told me that the Government told him that if I were to proceed with my suppression motion, that they were going to file these new charges within the superseding indictment as they did. During the plea the judge ruled on my pre-indictment delay issue when the judge denied my motion to suppress the evidence. During the plea colloquy, the judge informed me that I had a right to appeal my pre-indictment delay claim. Defense Counsel, Christman did not raise the pre-indictment delay claim in the lower court and nor did he follow-up on appeal for me.

(b) Direct Appeal of Ground One:

(1) If you appealed from the judgment of conviction, did you raise this issue?

Yes ☐ No ☒

(2) If you did not raise this issue in your direct appeal, explain why: Ineffective Assistance of Counsel

(c) Post-Conviction Proceedings:

(1) Did you raise this issue in any post-conviction motion, petition, or application?

Yes ☐ No ☒

(2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(3) Did you receive a hearing on your motion, petition, or application?

Yes ☐    No ☐

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ☐    No ☐

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ☐    No ☐

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:  INEFFECTIVE ASSISTANCE OF COUNSEL




GROUND TWO:   INEFFECTIVE ASSISTANCE OF COUNSEL PRIOR TO ADVISING ME TO ENTER A GUILTY PLEA DUE TO HIS FAILURE TO INVESTIGATE MY PRIOR CONVICTIONS AND PROPERLY ARGUE THE USE OF THEM IN THE LOWER COURT AND ON APPEAL.

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):
There were prior convictions used to place me in the category of being a career offender under U.S.S.G. § 4B1.1 which the Government prevailed when seeking these enhancements. Had the attorney properly investigated my priors before he advised me to plead guilty, he would have seen that under the Sentencing Guidelines, there were not applicable.

(b) **Direct Appeal of Ground Two:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑   No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑   No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑   No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑   No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑   No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND THREE:**

(a)  Supporting facts (Do not argue or cite law.  Just state the specific facts that support your claim.):

(b) **Direct Appeal of Ground Three:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑    No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:

(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑    No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

    Type of motion or petition:

    Name and location of the court where the motion or petition was filed:

    Docket or case number (if you know):

    Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(3) Did you receive a hearing on your motion, petition, or application?

Yes ❑   No ❑

(4) Did you appeal from the denial of your motion, petition, or application?

Yes ❑   No ❑

(5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

Yes ❑   No ❑

(6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:

Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

**GROUND FOUR:**

(a) Supporting facts (Do not argue or cite law. Just state the specific facts that support your claim.):

(b)  **Direct Appeal of Ground Four:**

    (1) If you appealed from the judgment of conviction, did you raise this issue?

        Yes ❑  No ❑

    (2) If you did not raise this issue in your direct appeal, explain why:


(c) **Post-Conviction Proceedings:**

    (1) Did you raise this issue in any post-conviction motion, petition, or application?

        Yes ❑  No ❑

    (2) If your answer to Question (c)(1) is "Yes," state:

Type of motion or petition:

Name and location of the court where the motion or petition was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):


    (3) Did you receive a hearing on your motion, petition, or application?

        Yes ❑  No ❑

    (4) Did you appeal from the denial of your motion, petition, or application?

        Yes ❑  No ❑

    (5) If your answer to Question (c)(4) is "Yes," did you raise this issue in the appeal?

        Yes ❑  No ❑

    (6) If your answer to Question (c)(4) is "Yes," state:

Name and location of the court where the appeal was filed:


Docket or case number (if you know):

Date of the court's decision:

Result (attach a copy of the court's opinion or order, if available):

(7) If your answer to Question (c)(4) or Question (c)(5) is "No," explain why you did not appeal or raise this issue:

13. Is there any ground in this motion that you have <u>not</u> previously presented in some federal court? If so, which ground or grounds have not been presented, and state your reasons for not presenting them:   INEFFECTIVE ASSISTANCE OF COUNSEL, COULD NOT RAISE ON DIRECT APPEAL, APPLICABLE TO § 2255 PROCEEDINGS.

14. Do you have any motion, petition, or appeal <u>now pending</u> (filed and not decided yet) in any court for the judgment you are challenging?      Yes ☐  No ☒
If "Yes," state the name and location of the court, the docket or case number, the type of proceeding, and the issues raised.

15. Give the name and address, if known, of each attorney who represented you in the following stages of the judgment you are challenging:

(a) At preliminary hearing: **Timothy C. Ivey, Federal Public Defenders Office, 750 Skylight Office Tower, 1660  West Second St., Cleveland, OH 44113.**

(b) At arraignment and plea: **Timothy C. Ivey (arraignment); Leif B. Christman, 2000 Standard Bldg., 1370 Ontario St., Cleveland, OH 44113 (plea)**

(c) At trial: **N/A**

(d) At sentencing: **Lief B. Christman**

(e) On appeal:  Leif B. Christman

(f) In any post-conviction proceeding:

(g) On appeal from any ruling against you in a post-conviction proceeding:

16. Were you sentenced on more than one count of an indictment, or on more than one indictment, in the same court and at the same time?     Yes ☒ No ☐

17. Do you have any future sentence to serve after you complete the sentence for the judgment that you are challenging?     Yes ☐ No ☒

(a) If so, give name and location of court that imposed the other sentence you will serve in the future:

(b) Give the date the other sentence was imposed:

(c) Give the length of the other sentence:

(d) Have you filed, or do you plan to file, any motion, petition, or application that challenges the judgment or sentence to be served in the future?     Yes ☐ No ☐

18. TIMELINESS OF MOTION: If your judgment of conviction became final over one year ago, you must explain why the one-year statute of limitations as contained in 28 U.S.C. § 2255 does not bar your motion.*

---

\* The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") as contained in 28 U.S.C. § 2255, paragraph 6, provides in part that:

A one-year period of limitation shall apply to a motion under this section.  The limitation period shall run from the latest of —

(1) the date on which the judgment of conviction became final;

(2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making such a motion by such governmental action;

(3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

(4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Page 14

Therefore, movant asks that the Court grant the following relief:


or any other relief to which movant may be entitled.


_____

Signature of Attorney (if any)


I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct and that this Motion under 28 U.S.C. § 2255 was placed in the prison mailing system on
(month, date, year).


Executed (signed) on ___7-19-12___ (date).



_____

Signature of Movant

If the person signing is not movant, state relationship to movant and explain why movant is not signing this motion.